# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| Caroline Smith Cersosimo, <br><br> Plaintiff, <br><br> v. <br><br> Allied Interstate, Inc., <br><br> Defendant. | Case No.: 2 10CV 293 <br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person that resided in Cedar Lake, Indiana at all times relevant to this action.

3. Defendant is a Minnesota Corporation that maintained its principal place of business in Minneapolis, Minnesota at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. On or around April 16, 2010, Plaintiff retained an attorney to file bankruptcy.

8. On or around April 30, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

9. During this communication, Plaintiff notified Defendant that Plaintiff was represented by an attorney with respect to the debt, provided Plaintiff's attorney's contact information, and requested that Defendant no longer communicate with Plaintiff regarding the debt.

10. Despite this notice, Defendant telephoned Plaintiff on or around May 1, 2010 in connection with the collection of the debt.

11. During this communication, Plaintiff again notified Defendant that Plaintiff was represented by an attorney with respect to the debt, provided Plaintiff's attorney's contact information, and requested that Defendant no longer communicate with Plaintiff regarding the debt.

12. Despite this notice, Defendant telephoned Plaintiff again on May 7, 2010 and on May 8, 2010 in connection with the collection of the debt.

13. Defendant caused Plaintiff emotional distress.

14. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692c(a)(2) in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## JURY DEMAND

19. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

20. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____
Timothy J. Sostrin
233 S. Wacker, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Email: tjs@legalhelpers.com
Attorneys for Plaintiff